DAN RAYFIELD
Attorney General
ALLIE M. BOYD  #163478
Senior Assistant Attorney General
ANNA FUGATE #203720
JILL L. CONBERE #193430
Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  allie.m.boyd@doj.oregon.gov
        anna.m.fugate@doj.oregon.gov
        jill.conbere@doj.oregon.gov

Attorneys for Defendants State of Oregon by and through Oregon Health Authority and Oregon State Hospital

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| SIERRA HASS, in her personal capacity; and ESTATE OF KENNETH HASS, by and through SIERRA HASS as its Personal Representative, | Case No.  3:26-cv-01422-YY |
| Plaintiff, | DEFENDANTS' MOTION TO DISMISS |
| v. | |
| STATE OF OREGON, by and through its Oregon Health Authority and the Oregon State Hospital; SEJAL HATHI, MD; SARA WALKER, MD; JAMES PEYKANU, MD; RYAN BELL, MD; KYLE BOWERS, MD; LES CHRISTIANSON, DO; DOLORES MATTEUCI; POORNIMA RANGANATHAN, MD; RUBINA GUNDROO, MD; BHARGAV MUPPANENI, MD; JIGAR CHOTALIA, MD; ROBERT HIESTER, PMNHP; KAREN JAMIESON, KELLY COCKROFT, RN, MOFOLUWASHO ADENAKAN, RN; MOHAMED DARAMI, LPN; NICOLE OKEKE, RN; LETI ORTEGA; JOSEPH KAMANDI, | |
| Defendants. | |

Page 1 -   DEFENDANTS' MOTION TO DISMISS
AB9/bm9/1027878225

**LR 7-1 Certification**

The undersigned counsel hereby certifies that counsel for Plaintiffs and State of Oregon by and through Oregon Health Authority and Oregon State Hospital conferred in good faith, and the parties were unable to resolve the matters at issue in this Motion.

**MOTION**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant State of Oregon by and through Oregon Health Authority and Oregon State Hospital ("the State") moves the Court for an order dismissing Plaintiffs' Ninth Claim for relief. The State moves to dismiss Plaintiffs' Ninth Claim because Plaintiffs lack standing to assert claims for injunctive and declaratory relief, Plaintiffs have failed to state a claim under 42 U.S.C. § 1983, and because they assert a claim against the State that is barred by Eleventh Amendment immunity.

This Motion is supported by the following Memorandum of Law.

**MEMORANDUM OF LAW**

**I.     INTRODUCTION**

Plaintiffs bring this case in federal court alleging the wrongful death of Kenneth Hass on March 18, 2025 while he was a patient at Oregon State Hospital. Most of Plaintiffs' claims seek damages against the State and individuals alleged to have worked at the hospital. However, Plaintiffs' Ninth Claim against the State seeks injunctive and declaratory relief, including findings of various failures by Oregon State Hospital and appointment of a Special Master to oversee a review of policies and procedures through an outside panel of experts. Pl's Compl. ¶522.

Plaintiffs' Ninth Claim should be dismissed for several reasons. First, Plaintiffs lack standing to bring this claim. To have standing, plaintiffs must seek relief that redresses their injury. In this case, Plaintiffs bring claims surrounding the treatment and death of Kenneth Hass, and prospective relief would not redress this injury. Second, Plaintiffs' Ninth Claim is not properly pleaded under 42 U.S.C. § 1983 because the State is not a "person" against whom a § 1983 claim may be brought. Third, Plaintiffs' Ninth Claim is asserted against the State, which

Page 2 -   DEFENDANTS' MOTION TO DISMISS

is immune from suit under the Eleventh Amendment unless explicitly waived. While the State has waived immunity as to Plaintiffs' state law claims against it under claims Five through Eight, the State retains and asserts immunity as to this § 1983 claim for injunctive and declaratory relief.

For these reasons, the State respectfully requests that the Court dismiss Plaintiffs' Ninth Claim for Relief.

## II.   LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Conclusions of law are not accepted as true, "even if cast as factual allegations," *Bryan v. City of Carlsbad*, 297 F.Supp.3d 1107, 1115 (S.D. Cal. 2018) (citing *Iqbal*, 556 U.S. at 678).

On an FRCP 12(b)(6) motion, courts are limited to considering the complaint, materials incorporated therein by reference, and "matters of which the court has taken judicial notice." *DeHoog v. Anheuser-Bush InBev SA/NV*, 899 F.3d 758, 762 (9th Cir. 2008). A claim may be dismissed as a matter of law for two reasons: (1) lack of cognizable legal theory or (2) insufficient facts under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984) (citing 2A J. Moore, Moore's Fed. Practice ¶12.08 at 2271 (2d ed. 1982)).

## III.   ARGUMENT

### A.  Plaintiffs lack standing to bring their Ninth Claim for Relief.

Standing is required for each claim sought. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 185 (2000). To establish standing, Plaintiffs must show three things: "(1) that they have suffered an injury in fact, (2) that their injury is fairly traceable to defendant's conduct, and (3) that their injury would be likely redressed by a favorable decision." *Mecinas v.*

Page 3 -   DEFENDANTS' MOTION TO DISMISS

*Hobbs*, 30 F.4th 890, 897 (9th Cir. 2022). Plaintiffs' Ninth Claim does not meet these requirements.

Plaintiffs' claim fails to meet the first requirement for standing because, although Plaintiffs have alleged past injury, "[p]ast wrongs are insufficient by themselves to grant standing, but are evidence bearing on whether there is a real and immediate threat of repeated injury." *See Wright v. SEIU Local 503*, 48 F.4th 1112, 1118 (9th Cir. 2022), *cert den* 143 S. Ct. 749 (2023) (internal quotation marks omitted). And when a plaintiff's standing is based on the threat of repeated injury, the plaintiff must show "a sufficient likelihood that he will again be wronged in a similar way." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). The nature of the allegations in this case, including wrongful death, preclude the possibility that the injury Plaintiffs allege will be repeated. Therefore, Plaintiffs cannot establish the requisite real and immediate threat of repeated injury to confer standing.

In addition to seeking prospective relief on their own behalf, Plaintiffs allege that they seek prospective relief "on behalf of the Estate and for society in general." Compl. ¶ 520. Although a plaintiff may vicariously assert the rights of third parties in certain narrow circumstances, none apply here. To do so the plaintiff must (1) "have suffered an injury in fact, thus giving him or her a sufficiently concrete interest in the outcome of the issue in dispute," (2) "have a close relation to the third party," and (3) show that there is "some hinderance to the third party's ability to protect his or her own interests." *Powers v. Ohio*, 499 U.S. 400, 410-11 (1991). Additionally, the relationship to the third party must be such that the plaintiff be "fully, or very nearly, as effective a proponent of the right" as the third party. *Singleton v. Wulff*, 428 U.S. 106, 115 (1976). Here, Plaintiffs have alleged an injury in fact, but the third party whose rights they purport to assert is society writ large, and Plaintiffs do not allege facts to establish that they have either the requisite relationship to society as a third party or that society is hindered in protecting its own interests. Consequently, Plaintiffs cannot establish standing through the vicarious assertion of a third party's rights.

Page 4 -   DEFENDANTS' MOTION TO DISMISS

Plaintiffs' claim fails to meet the second requirement for standing because, as discussed below, Plaintiffs' complaint does not state its claim for prospective relief against a state official, instead naming the State as the defendant. "To survive a motion to dismiss for lack of constitutional standing, plaintiffs must establish a line of causation between defendant's action and their alleged harm that is more than attenuated." *Maya v. Centex Corp.*, 658 F.3d 1060, 1070 (9th Cir. 2011) (internal quotation marks omitted). Because the claim is improperly pled, there is no defendant to whom Plaintiffs' alleged injury can be fairly traced, and the second requirement cannot be met.

Plaintiffs' claim fails to meet the third requirement for standing for the same reason that they cannot establish the requisite injury: because the alleged injury is based on past wrongs and is not repeatable, injunctive relief cannot redress it. *See Lyons*, 461 U.S. at 105-06 (plaintiff did not have standing to seek injunctive relief based on prior use of a chokehold against him by police, and allegations that the police department regularly used such holds was insufficient to establish a case or controversy). Similarly, when a plaintiff's injury "lies wholly in the past without a reasonable likelihood of recurring in the future," that plaintiff "lacks standing to seek a declaratory judgment because the remedy sought would only serve to give the aggrieved plaintiff the 'psychic satisfaction' of have a court declare the defendant's past actions illegal." *Tarhuni v. Holder*, 8 F. Supp.3d 1253, 1268 (D. Or. 2014) (citing *Leu v. Int'l Boundary Comm'n*, 605 F.3 694 (9th Cir. 2010).

Because Plaintiffs cannot meet any of the requirements for standing, their Ninth Claim against the State should be dismissed.

### B.  Plaintiffs' Ninth Claim is improperly brought under 42 U.S.C. § 1983.

In addition to lacking standing, Plaintiffs' Ninth claim is improperly pleaded—Plaintiffs assert this claim against the State, which is not the proper party to a claim under 42 U.S.C. § 1983.

Plaintiffs fail to state a claim because § 1983 claims may only be maintained against "persons" and cannot be brought against states or state agencies. *Will v. Michigan State Dept. of*

Page 5 -    DEFENDANTS' MOTION TO DISMISS

*Police*, 491 U.S. 58, 66 (1989) ("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties."). *Will* and its progeny have repeatedly affirmed that a State is not a "person" for the purposes of § 1983. *See id.* at 64; *see also Hafer v. Melo*, 502 U.S. 21, 23 (1991) (affirming state officials sued in their official capacities are not "persons" for the purposes of § 1983); *see also Bolden-Hardge v. Office of California State Controller*, 63 F.4th 1215, 1221 (2023) ("But § 1983 does not provide a cause of action to sue state entities or state officials in their official capacities."). Additionally, although claims for injunctive relief may be brought in federal court against *state officials* to stop an ongoing constitutional violation, *Ex Parte Young*, 209 U.S. 123, claims for injunctive relief cannot be brought against the State itself.

### C.  Plaintiff's Ninth Claim is barred by the Eleventh Amendment.

Plaintiffs' Ninth Claim being against the State also means it is barred by Eleventh Amendment immunity. *See Pennhurst State School and Hosp. v. Halderman*, 465 U.S. 89, 98 (1984) ("the principle of sovereign immunity is a constitutional limitation on the federal judicial power established in Art. III"). The Eleventh Amendment provides that the judicial power of the United States "shall not be construed to extend to any suit in law or equity commenced or prosecuted" against a state. The Supreme Court held that the Eleventh Amendment bars citizens from suing states or state agencies in federal court unless the state has expressly waived its immunity from suit, or such immunity has otherwise been abrogated by Congress. *Pennhurst*, 465 U.S. at 99; *see also Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238 (1985). A state only waives its sovereign immunity when it expressly consents to being sued in a particular action. *Edelman*, 415 U.S. at 673 ("[we] will find waiver only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction").

The Ninth Circuit has repeatedly held that states that have not consented to suit are immune from § 1983 claims in federal court. *See Dittman v. State of California,* 191 F.3d 1020,

Page 6 -    DEFENDANTS' MOTION TO DISMISS

1025-26 (9th Cir. 1999) ("[T]he Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity.") (citation and quotation marks omitted); *see also Draper v. Coombs*, 792 F.2d 915, 918 (9th Cir. 1986) (affirming dismissal of § 1983 claim against State of Washington "[b]ecause the eleventh amendment bars the federal courts from considering such claims.").

Plaintiffs' Ninth Claim against the State is therefore barred by Eleventh Amendment immunity and should be dismissed.

## D.  CONCLUSION

For the reasons set forth above, Defendant State of Oregon by and through Oregon State Hospital and Oregon Health Authority respectfully requests that the Court dismiss Plaintiffs' Ninth claim for relief.

DATED August 5, 2026.

Respectfully submitted,

DAN RAYFIELD
Attorney General

  s/ Allie M. Boyd
ALLIE M. BOYD #163478
Senior Assistant Attorney General
ANNA FUGATE #203720
JILL L. CONBERE #193430
Assistant Attorney General
Trial Attorney
Tel (971) 673-1880
Fax (971) 673-5000
allie.m.boyd@doj.oregon.gov
anna.m.fugate@doj.oregon.gov
jill.conbere@doj.oregon.gov
Of Attorneys for Defendant State of Oregon by
and through Oregon Health Authority and the
Oregon State Hospital

Page 7 -   DEFENDANTS' MOTION TO DISMISS
AB9/bm9/1027878225
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000